## COMMONWEALTH *vs.* FRANKLIN WHITNEY.

A complaint does not sufficiently charge the offence of being a common drunkard by averring that the defendant " on divers days and times, not less than three times, within six months last past, was drunk by the voluntary use of intoxicating liquor, and so, on the day of making this complaint, was a common drunkard."

*It seems*, that in order to be a " common drunkard," within the meaning of Rev. Sts. c. 143, § 5, a man must be habitually drunk to the disturbance of the public peace and good order.

The defendant, being convicted in the court of common pleas, moved in arrest of judgment, on a complaint which alleged that the defendant at New Bedford " on divers days and times, not less than three times, within six months last past, was drunk by the voluntary use of intoxicating liquor, and so, the complainant

says, that said Franklin Whitney, at said New Bedford, on the day of making this complaint, is a common drunkard." . *Sanger*, J overruled the motion, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

THOMAS, J. The objection made to this complaint, that it sets forth two offences in one count, cannot be maintained. The difficulty with the complaint is, not that it sets forth two offences, but that it does not set forth any offence. It is open to the objection that it is argumentative, and to the still stronger objection that its argument is unsound, that its conclusion does not follow from the premises.

If the proof of three instances of intoxication or drunkenness were ever sufficient to establish the offence of being a " common drunkard," still a man might have been drunk three times within the term of six months past, and yet have been a temperate and sober man for the last five of those six months, or indeed for the whole of the period except the first three days.

Suppose the proof had been that in the first week of the six months the defendant had been intoxicated by the voluntary use of intoxicating liquor three times, and that ever since the first week he had been entirely temperate, the proof would satisfy the complaint; but it would not satisfy the law, or the dictates of good sense. The man would not be a common drunkard at the time of the institution of the complaint; nor would the proof show that he ever had been a common drunkard.

The exact degree of intemperance which constitutes a drunkard, it may not be easy to define. But speaking in general terms, and with the accuracy of which the matter is susceptible, he is a drunkard whose habit is to get drunk, " whose ebriety has become habitual." To convict a man of the offence of being a common drunkard, it is, at the least, necessary to show that he is an habitual drunkard. Indeed the terms " drunkard " and " habitual drunkard " mean the same thing.

It is suggested that the term " common drunkard " has a peculiar and technical meaning; that, in analogy to the cases

of common seller and common thief, three offences of drunken-
ness should be held to make a man a common drunkard. The
answer to the suggestion is, that the statutes have expressly
provided that upon conviction of three distinct larcenies at the
same term of the court a man shall be deemed a common and
notorious thief; Rev. Sts. *c.* 126, § 19; and that three illegal
sales of spirituous liquor shall constitute a common seller; *Sts.*
1852, *c.* 322, § 12; 1855, *c.* 215, § 17; and they have not pro-
vided that three cases of intoxication within six months, or
within any other period, shall constitute a common drunkard.
There is no sound analogy between these cases and that at bar;
and if there were, criminal offences are not to be created and
men convicted of them by the law of analogy.

Nor do we perceive any such resemblance between the offences
of drunkenness and barratry as should lead us to extend the
technical rule adopted as to the latter, to complaints for the
former offence. That rule was early settled, upon reasons pecu-
liar to that offence, and is not to be extended.

The case at bar is clearly distinguishable from that of *Com-
monwealth* v. *Boon*, 2 Gray, 74, where the allegation of the com-
plaint was that the defendant on a day named " was and is a
common drunkard, having been on divers days and times within
six months now last past, at said Framingham, drunk and intox-
icated by the voluntary and excessive use of spirituous and
intoxicating liquors." In that complaint the charge of being a
common drunkard is distinctly made; and the addition of " hav-
ing been drunk " &c., if it does not add to the charge, does not
impair it. The being a common drunkard is an offence under
the statute, and the words by which it is created are sufficiently
descriptive of it. In the case at bar the allegation of being a
common drunkard is only made argumentatively, and as a legal
inference from facts stated; and that inference is, we think, un-
sound.

We are opinion, therefore, that this complaint cannot be main-
tained; that, to convict a man of being a common drunkard, it
must be shown, at least, that he is an habitual drunkard.

Whether the word " common," as used in the statute, has ref-

erence only to the frequency of the offence, it is not necessary to determine. If so, it would seem to give it no new force ; as " drunkard " of itself means one who habitually gets drunk. It is to be observed that the only provision of law in relation to common drunkards is found in the fifth section of *c.* 143 of the revised statutes—a provision authorizing police courts and justices of the peace to commit to the house of correction " all rogues and vagabonds, and all idle and dissolute persons, who go about begging ; all persons who use any juggling or unlawful games or plays ; common pipers and fiddlers, stubborn children; runaways, common drunkards, common nightwalkers, pilferers, and all lewd, wanton and lascivious persons in speech or behavior ; common railers and brawlers, and persons who neglect their calling and employment, misspend what they earn, and do not provide for themselves or their families."

This provision, in substantially its present form, has existed since 1646. Colony Laws of 1646, 1654, 1657, Anc. Chart. 178. *St.* 11 W. 3, Anc. Chart. 334. *Sts.* 1787, *c.* 54, § 2 ; 1834, *c.* 151, § 2. In every instance the provision makes part of the statute regulating houses of correction, and determining what classes of persons were to be confined in them.

The word " common " would seem to be used in the sense of public. It seems to be the offence to the public peace and good order which the statute is intended to punish. Common pipers and fiddlers, common railers and brawlers, are persons who are so to the nuisance of the public. Applying the familiar rule of construction, *noscitur a sociis,* he would seem to be within the statute a common drunkard, who not only is an habitual drunkard but is so to the disturbance of the public peace and good order. *Judgment arrested.*